UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LIMA LS PLC**, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-01122 (WWE) |
| | § | |
| **PHL VARIABLE INSURANCE COMPANY, PHOENIX LIFE INSURANCE COMPANY, THE PHOENIX COMPANIES, INC., JAMES D. WEHR, PHILIP K. POLKINGHORN, EDWARD W. CASSIDY, DONA D. YOUNG,** and **DOES 1–20**, | § § § § § § § | September 27, 2012 |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Currently pending before this Court is a Motion to Dismiss Plaintiff's Complaint, filed by Defendants PHL Variable Insurance Company; Phoenix Life Insurance Company; The Phoenix Companies, Inc.; James D. Wehr; Phillip K. Polkinghorn; Edward W. Cassidy; and Dona D. Young.[1]  Plaintiff Lima LS PLC ("Lima") has filed a voluminous complaint that is long on insult and short on substance.  Despite not meeting the bare requirements to properly plead the causes of action asserted, which including claims under RICO and the Connecticut Antitrust Act, Lima has indicated its desire to seek burdensome, expansive discovery from Defendants.  Proceeding with discovery in the face of Phoenix's meritorious Motion to Dismiss filed with this Court on September 24, 2012, would place the discovery cart before the pleading horse, allowing Lima to gather discovery before substantiating its outlandish claims that Phoenix is a monopolistic and

---

[1] PHL Variable Insurance Company, Phoenix Life Insurance Company, and The Phoenix Companies, Inc., are collectively referred to as "Phoenix."  Defendants Mr. Wehr, Mr. Polkinghorn, Mr. Cassidy, and Ms. Young are referred to as the "Individual Defendants."

**ORAL ARGUMENT REQUESTED**

criminal corporate enterprise that has somehow fallen in the hands of four current and former executives who are akin to mob bosses.  Given the serious nature of the allegations and the woefully inadequate Complaint, discovery at this point is premature and unjust.  A stay pending a ruling on Defendants' Motion to Dismiss will not prejudice Lima and will allow Defendants to avoid the unnecessary burden of discovery.  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), Defendants move to stay discovery pending this Court's decision on their Motion to Dismiss.

## I.     Factual Background

Lima has filed a 99-page, 268-paragraph Complaint alleging claims under the Connecticut Antitrust Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Connecticut Unfair Trade Practices Act ("CUTPA"), and for common law fraud.  (*See* Doc. # 1.)  Broadly, Lima alleges that Phoenix, a 160-year-old life insurance company, is a criminal enterprise run by current and former executives (the Individual Defendants) who, along with dozens of unnamed company employees, formed a "secret intent" to deny future hypothetical claims and who somehow perpetrated this fraud though the use of routine policy correspondence that has been sent to policyholders before and since formation of this alleged scheme.  Lima further alleges that Phoenix has endeavored to devalue its policies on the "secondary market" for life insurance in an illogical scheme to recover from losses suffered during the recent economic recession and that this constitutes a violation of Connecticut antitrust laws.

During the parties' Rule 26(f) conference on September 20, 2012, Lima's counsel requested that the parties depart from the Court's default litigation schedule, proposing a 15-month discovery period, with trial to be held in the summer of 2014.  Counsel for Defendants informed Lima's counsel of the forthcoming motion to dismiss and requested Lima's agreement

to stay discovery pending the Court's decision on the motion.  Counsel for Lima refused.  On September 24, 2012, Defendants moved to dismiss all claims on the basis of Lima's failure to state cognizable claims for relief.  (*See* Doc. # 35.)

## II.     Argument

Federal Rule of Civil Procedure 26(c) recognizes the Court's inherent power "to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  It provides that the Court may, for good cause, issue an order staying discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1)(B).  Although discovery is not stayed automatically merely upon the filing of a dispositive motion, the Supreme Court has cautioned—especially in the context of "massive factual controvers[ies]," such as those involving antitrust claims—that a district court should be wary before sending the parties into costly and burdensome discovery "when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *Limeston Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) ("RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim.").

Thus, Rule 26(c) "is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims."  "Good cause" to stay discovery "may be shown where a party has filed (or sought leave to file) a dispositive motion." *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-CV-38 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012) (quoting *Dabney v. Maddock*, No. 9:10-CV-519, 2011

WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011)); *Cuartero v. United States*, No. 05-CV-1161 (RNC), 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006) (collecting cases). Additional factors to be considered in determining whether a stay is appropriate include (1) the strength of the dispositive motion that is the basis of the request; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Id.* In this case, all three factors favor a stay of discovery.

### A. Phoenix has filed a dispositive motion raising multiple arguments supported by substantial law.

A dispositive motion is sufficiently "strong" to justify a stay where it "'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.'" *ITT Corp.*, 2012 WL 2944357, at *2 (quoting *Johnson v. N.Y. Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)). Phoenix has filed a motion to dismiss that has a strong foundation in law. Phoenix raises multiple, independent bases to dismiss each of Lima's claims as a matter of law. Among other arguments, Phoenix contends that Lima cannot support its RICO claim because Lima fails to assert actionable RICO allegations against each of the Individual Defendants, fails to establish fraud, has no damages, and is impermissibly attempting to recast a flawed anticipatory breach of contract claim as a RICO claim. Lima's antitrust claim is equally flawed as Lima has failed to define an appropriate market, has failed to establish any market power by Phoenix—a nonparticipant in Lima's alleged market—and has failed to allege actionable anticompetitive conduct by Phoenix. Lima fails to identify any statements actionable as common law fraud, and offers no allegations of a "boycott" or "intimidation" or "coercion" by Phoenix to sustain a CUTPA claim. Phoenix's motion is supported by citation to dozens of controlling judicial decisions and statutory authority and demonstrates the internal inconsistencies and implausibility of the theories of recovery set forth in Lima's Complaint. *See*

*Cuartero*, 2006 WL 3190521, at *1.

The strength of Phoenix's motion and its strong foundation in law alone justifies a stay of discovery. *See, e.g.*, *ITT Corp.*, 2012 WL 2944357, at *3 (staying discovery, holding that while the court would not "presume to predict the outcome of the [defendant's] motion to dismiss, . . . on the record before the court, the defendant's arguments [were] substantial and not unfounded in law"); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery in an antitrust case, noting that "after an initial review," the defendant's motion to dismiss included "multiple, independent arguments for dismissal" and did not appear to be "unfounded in the law"); *Spencer Trask Software & Info. Servs., LLC v.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery, concluding that on the court's preliminary evaluation, the defendants "appear[ed] to have substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit"); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94Civ.2120, 1996 WL 101277, at *4 (S.D.N.Y. March 7, 1996) (staying discovery in an antitrust case because, *inter alia*, on "preliminary look," the defendant's motion to dismiss appeared "not unfounded on the law" and appeared "to have substantial grounds"); *see also Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991).

### B. Plaintiff has indicated its desire to seek broad-reaching, burdensome, and expensive discovery.

A stay is appropriate to limit the burdens placed on a party against whom no viable claims may have been pled. As Lima notes in its Complaint, it is currently a party to other lawsuits against Phoenix. *See* Compl. ¶¶ 128, 132, 219.[2] Lima's discovery requests in those

---

[2] *See U.S. Bank National Association,* as securities intermediary for *Lima Acquisitions LP v. PHL Variable Ins. Co.*, No. 3:12-CV-3046 (C.D. Cal. April 6, 2012); *U.S. Bank National Association,* as securities intermediary for *Lima Acquisitions LP v. PHL Variable Ins. Co.*, No.

cases—which involve issues far narrower than those presented here—have been exceptionally broad.  For example, in a case involving a single $3,000,000 claim under a single policy alleged by Phoenix to have been fraudulently procured in violation of state insurable interest laws, Lima has served 66 requests for production of documents that include requests for Phoenix's "compensation structure" for every classification of employee and contractor employed by Phoenix; virtually all manuals, policies, procedures, and guidelines in force at the company since 2004; claims files for any claim denied by Phoenix; every communication between Phoenix and a policyholder regarding any delayed or denied payment of claims; and extensive materials regarding policies financed though premium finance programs.  *See* Exh. A1:  Plaintiff's First RFPs (Civil Action No. 0:12-CV-877).

Here, Lima has alleged that 249 policies, and therefore 249 policy files, are at issue and that Phoenix has engaged in a massive conspiracy spanning many years to damage a national market for life insurance policies and create and run a criminal enterprise.  *See* Compl. ¶¶ 1–7.  Based on Lima's conduct in the smaller lawsuits being litigated concurrently with this matter, and Lima's request for up to 15 months to complete discovery, Lima clearly plans to seek even more expansive and expensive discovery that may prove entirely, or largely, unnecessary depending on the Court's decision on Phoenix's motion to dismiss.

Phoenix's request to stay discovery will permit the Court to rule on Phoenix's motion and potentially eliminate, or substantially narrow, the scope of discovery and its attendant burdens and costs.  Courts in this Circuit are no stranger to requests to stay discovery pending the resolution of a dispositive motion, and do not hesitate to grant such relief, recognizing that

---

0:12-CV-877 (D. Minn. April 6, 2012); *U.S. Bank National Association,* as securities intermediary for *Lima Acquisitions LP v. PHL Variable Ins. Co.*, No. 3:12-CV-3047 (C.D. Cal. April 6, 2012); *U.S. Bank National Association,* as securities intermediary for *Lima Acquisitions LP v. PHL Variable Ins. Co.*, No. 1:12-CV-6811 (S.D.N.Y. Nov. 16, 2011).

permitting discovery to proceed in the face of a potentially case-ending motion is burdensome, wasteful, and draining.  *See, e.g.*, *Cuartero*, 2006 WL 3190521, at *3 ("Permitting discovery to proceed at this point would be unduly burdensome to [Defendants] and would be inefficient for both parties, since the [C]ourt's decision on the Motion to Dismiss may significantly narrow the issues."); *Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."); *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issue remaining in the case, proceeding with discovery while the motion is pending would waste the parties resources and would constitute an undue burden on defendants."); *Am. Booksellers Ass'n v. Houghton Mifflin Co., Inc.*, No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995) ("The discovery sought by plaintiffs is very broad and to require defendant to respond to it at this juncture, when their motions to dismiss may be granted, would be extremely burdensome."); *In re First Constitution S'holders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (Margolis, M.J.) (granting a stay of discovery until forty-five days after the Court's ruling on the Defendant's motion to dismiss, emphasizing the "comprehensiveness of the discovery sought and the burden occasioned thereby upon the defendants" and concluding that discovery was likely to be "unwieldy"); *W. Farms Assocs. v. State Traffic Comm'n*, No. H-90-320 (AHN), 1990 U.S. Dist. LEXIS 21073, at *6 (D. Conn. July 23, 1990) (granting a stay of discovery pending resolution of the defendant's motion to dismiss and noting that "[c]ontinuing discovery at this point . . . may well cause the defendants to expend significant resources for no purpose whatsoever").  Phoenix should not face the burdens of discovery unless and until it is determined whether Lima has pled cognizable claims for relief.  Phoenix's motion for a stay

should be granted.

### C. Lima will not be prejudiced by a stay.

Lima will suffer no prejudice from a stay. This case is in its early stages and nothing in Lima's Complaint suggests that immediate discovery is necessary. Lima has proposed to Phoenix a trial date in the summer of 2014, and there is no indication that a modest delay in the commencement of discovery, and of that proposed trial date, would render Lima unable to prepare and present its case. As courts regularly hold, because Defendants only seek a stay until a decision is reached on their Motion to Dismiss, any "prejudice to [Lima] will be minimal." *Cuartero*, 2006 WL 3190521, at *3. Indeed, in a case of this magnitude, "[i]t is likely that discovery will be protracted and it is highly unlikely that the case will be tried within the immediate future; therefore [Lima is] not unduly delayed if discovery is stayed for what is expected to be a relatively short period of time." *In re First Constitution S'holders Litig.*, 145 F.R.D. at 294.

On the contrary, the prejudice to Phoenix should discovery commence is "self-evident," as Phoenix will have to bear "the cost of discovery, coupled with the diversion of employees' time and attention from [their] business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation," which would be entirely "unnecessary . . . in the event that [Phoenix's] motion to dismiss is ultimately granted." *United States v. Cnty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. Sept. 23, 1999).

Moreover, as Plaintiff notes in its Complaint, it is currently a party to other cases against Phoenix. Compl. ¶¶ 128, 132, 219. Those cases have proceeded to discovery and Plaintiff has received, and continues to receive, discovery from Phoenix. In fact, counsel for Lima has requested that Lima be permitted to use in this case discovery obtained in other Lima-Phoenix

cases.  Thus, because Lima is already pursuing discovery in these other proceedings, any potential prejudice to Lima by a short delay awaiting the Court's determination of Phoenix's motion to dismiss is significantly mitigated.  *See, e.g.*, *Chrysler Capital Corp.*, 137 F.R.D. at 211 (granting a stay pending the court's resolution of the defendant's motion to dismiss, noting that the plaintiff would not suffer prejudice since they had access to extensive discovery materials in a related proceeding).

Courts in this Circuit have held that "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  *Spencer Trask Software & Info. Servcs., LLC*, 206 F.R.D. at 368 (quoting *Rivera*, 1997 WL 86394, at 1).  A motion to stay is appropriate here and will not cause Lima any prejudice.  Phoenix's motion to stay should be granted.

### III.    Conclusion

Rule 26(b)(2)(iii) requires the Court to control the "frequency or extent" of discovery by balancing the burdens and expense of discovery against its likely benefit, considering, *inter alia*, the needs of the case and the importance of discovery in resolving the issues.  Here, the issues to be decided—whether Lima has pled cognizable claims for relief—require no discovery at all.[3]

---

[3] Indeed, discovery directed to Phoenix's motion to dismiss would be inappropriate as "the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Abrahams v. Young & Rubicam*, 979 F. Supp. 122, 129 (D. Conn. 1997) (quoting *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991)); *see also Am. Commc'ns. Ass'n, Local 10 v. Retirement Plan for Emps. of RCA Corp.*, 488 F. Supp. 479, 484 (S.D.N.Y. 1980) (noting that the federal rules "do[] not authorize parties to use an insufficient complaint with a conclusory allegation as a hunting license to discover whether in fact a viable claim may be alleged"). The issue on a Rule 12(b)(6) motion to dismiss is whether the plaintiff is entitled to proceed with discovery; a defendant has the right . . . to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures." *Jones v. Capital Cities/ABC Inc.*, 168 F.R.D. 477, 480 (S.D.N.Y. 1996); *see also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming the trial court's discovery stay pending its decision on the defendant's motion to dismiss because "[r]equiring extensive investigation would defeat the purpose of [the] motion"). As courts in this

9

Thus, there are no counter-balancing considerations justifying burdensome and costly discovery until it is determined whether Lima's claims have any merit. If Phoenix's motion to dismiss is granted, "the case will be over and [Lima] will have gained nothing by taking discovery. If the motions are denied, [Lima] will have ample time thereafter to take discovery on the merits of its claims." *W. Farms Assocs.*, 1990 U.S. Dist. LEXIS 21073, at *8. Accordingly, Phoenix respectfully requests that discovery be stayed until the Court issues a ruling on Phoenix's motion to dismiss.

---

circuit have noted, "[t]he discovery rules are not a hunting license to conjure up a claim that does not exist." *Avnet, Inc. v. Am. Motorists Ins. Co.*, 115 F.R.D. 588, 592 (S.D.N.Y. 1987).

        Respectfully submitted,

        /s/ *David T. McDowell*
        Thomas F.A. Hetherington*
        tom.hetherington@emhllp.com
        David T. McDowell*
        david.mcdowell@emhllp.com
        Jarrett E. Ganer*
        jarrett.ganer@emhllp.com
        Shannon A. Lang*
        shannon.lang@emhllp.com
        EDISON, MCDOWELL & HETHERINGTON LLP
        3200 Southwest Freeway, Suite 2100
        Houston, Texas  77027
        Telephone: (713) 337-5580
        Facsimile: (713) 337-8850
         *admitted *pro hac vice*

        Thomas O. Farrish (ct26917)
        tofarrish@daypitney.com
        Michael P. Shea (ct19598)
        mpshea@daypitney.com
        DAY PITNEY LLP
        242 Trumbull Street
        Hartford, Connecticut 06103-3499
        Telephone:  (860) 275-0100
        Facsimile: (860) 285-0343

        **Attorneys for Defendants PHL Variable Insurance Company, Phoenix Life Insurance Company, The Phoenix Companies, Inc., James D. Wehr, Phillip K. Polkinghorn, Edward W. Cassidy, and Dona D. Young**

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was filed with this Court's CM/ECF service on September 27, 2012, which should have sent electronic notice of filing to all counsel of record.

        /s/ *David T. McDowell*
        David T. McDowell

11