```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| LIMA LS PLC<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br>PHOENIX LIFE INSURANCE COMPANY,<br>PHOENIX COMPANIES, INC.,<br>JAMES D. WEHR,<br>PHILIP K. POLKINGHORN, and<br>DONA D. YOUNG | Civ. No. 12CV1122(WWE) |

## DISCOVERY ORDER

A telephone discovery conference was held on February 20, 2014, to follow-up on the remaining issues identified by the parties during the February 12, 2014, discovery conference, including a protective order and a protocol for redacting documents.

### Protective Order

The parties reported that they reached an agreement on the terms of the protective order and will submit the proposed order to the Court for approval.

Protocol for Redaction of Information

Plaintiff will seek authorization from U.S. Bank for the production to Lima of unredacted policies in which U.S. Bank has an ownership interest.

With regard to other document production, defendants have the burden of demonstrating, upon a specific showing, why redaction is warranted. To that end, the parties agreed that defendants will create a method of identifying the reason for non-privileged redaction, including specific codes explaining each reason for the redaction, e.g. name, social security number, medical information.  Defendants will provide a list of proposed redaction codes to plaintiff and the parties will meet and confer regarding the coding specificity and the means for coding redactions on a document that will be helpful to plaintiff and will streamline document production.[1]

Regarding "highly confidential/competitive" business information, defendant will designate these documents as "attorney's eyes only" and the parties will proceed with the process outlined in the protective order.  As a general matter, the Court contemplates that this category of

---

[1] The Court leaves it to counsel to discuss and determine whether defendants should provide a separate privilege log for documents withheld or redacted on the grounds of attorney-client privilege and work product protection, or whether it would be more efficient to designate privileged redactions in the same format as the non-privileged redactions.

documents will be produced as "attorney's eyes only" unless defendant can make a showing of good cause why redaction of the information is warranted.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    SO ORDERED at Bridgeport this 20th day of February 2014.

                                ____/s/_____
                                HOLLY B. FITZSIMMONS
                                UNITED STATES MAGISTRATE JUDGE