```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

|                          |   |                          |
|--------------------------|---|--------------------------|
| LIMA LS PLC              | : |                          |
|                          | : |                          |
| v.                       | : | CIV. NO. 3:12CV1122(WWE) |
|                          | : |                          |
| PHL VARIABLE INSURANCE   | : |                          |
| COMPANY, ET AL           | : |                          |
|                          | : |                          |
|                          | : |                          |

### RULING/ORDER RE: MAY 7, 2014, CONFERENCE

This ruling and order memorializes the Court's rulings made during a case management/discovery conference held on May 7, 2014, and sets a schedule for the exchange of information.

**STANDARD**

**Fed. R. Civ. P. 26(a)(1): Initial Disclosures**

**Individuals**

Rule 26(a)(1) requires that, at the outset of a civil lawsuit, parties must disclose the name of "each individual . . . that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). "The disclosing party should . . . provide identifying information for all persons it intends to use in the presentation of its case, at trial or pretrial, even those whose information is limited

1

exclusively to uncontroverted or background facts." 6 Moore's Federal Practice, §26.22[4][a] [3d Ed. 2012].

**Documents**

The Rule also mandates that a party disclose documents that may be used "to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). "Each party must produce or describe by category and location only those documents, electronically stored information, and tangible things in its possession, custody, or control that the party anticipates it will use to support its claims or defenses." 6 Moore's Federal Practice, at §26.22[4][b].

**Damages**

In addition, "a party seeking damages must automatically provide to the other parties . . . a computation of each category of damages claimed by the disclosing party" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based."[1]  Fed. R. Civ. P. 26(a)(1)(A)(iii); see Design Strategy, Inc. v. Davis 469 F.3d 284, 295 (2d Cir. 2006). "This particular rule does not merely require a plaintiff to

---

[1] Fed. R. Civ. P. 26(a)(1)(A)(iii) states,

> a computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered.

2

describe its damages in general terms, such as 'compensatory,' but—as best as the party is able at an early stage in the case—to provide a 'computation' of each category of damages, and to produce the documents on which that computation is based." Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 159 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii); Haber v. ASN 50th Street, LLC, 272 F.R.D. 377, 380 (S.D.N.Y. 2011) (holding that Rule 26(a)(1)(A)(iii) entitled defendants to "discovery regarding Plaintiff's claim for $6 million in damages and his calculation of this amount" and directing Plaintiff to "itemiz[e] each category of damages alleged in the amended complaint" and "produc[e] responsive documents" regarding such damages)). "Failure to provide damage computation documents may result in exclusion of damage calculation evidence or expert testimony regarding damage calculations at trial." 6 Moore's Federal Practice, §26.22[4][c][i]; see  Ritchie Risk-Linked Strategies Trading (Ireland), Ltd., 280 F.R.D. at 159-61. "[T]o fulfill the initial disclosure requirement, a party must provide a computation supported by documents. Mere production of undifferentiated financial document without explanation is not sufficient to fulfill the mandatory initial disclosure requirement." 6 Moore's Federal Practice, §26.22[4][c][i] (citing Gould Paper Corp. v. Madisen Corp., 614 F. Supp. 2d 485, 490

(S.D.N.Y. 2009) (defendants who produced 629 pages of documents, without explanation or "computation of each category of damages claimed," were precluded from presenting counterclaim for damages in a breach of contract action)).

The parties will supplement their initial disclosure by May 30, 2014. This Rule 26(a)(1)(A) disclosure requirement is the functional equivalent of standing court-ordered interrogatories.[2] "A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E).

The initial disclosure obligation is also subject to a duty to supplement, under Rule 26(e)(1).

**Fed. R. Civ. P. 26(e)(1): Ongoing Duty to Supplement Discovery**

Pursuant to Fed. R. Civ. P. 26(e)(1)(A), parties must supplement their initial disclosures as well as responses to interrogatories and requests for production of documents "in a timely manner if the party learns that in some material respect the disclosure or response is incorrect and incomplete." "The duty to supplement and correct disclosures and responses is a continuing duty and no motion to compel further supplementation

---

[2] The Advisory Committee Notes to the 1993 Amendments to Rule 26(a)(1) state, "[a]s the functional equivalent of court-ordered interrogatories, this paragraph requires early disclosure, without need for any request, of four types of information that have been customarily secured early in litigation through formal discovery."

4

is required." 6 Moore's Federal Practice, §26.131[3] [3d Ed. 2012]. This duty is not only triggered by a court order but "whenever a party learns that its prior disclosures are in some material respect incomplete or incorrect."  6 Moore's Federal Practice, at §26.13[3]; Fed. R. Civ. P. 26(e)(1)(A) and (B). The parties are encouraged to adhere to the duty set forth in Rule 26(e)(1)(A), "with special promptness as the trial date approaches" without the Court's further intervention. 6 Moore's Federal Practice, at §26.13[3]; see  Ritchie Risk-Linked Strategies Trading (Ireland), Ltd., 280 F.R.D. at 161 (Making a supplemental disclosure nearly a year after the close of fact discovery is not "timely," by any definition.").

**May 7, 2014, Conference**

**Search Terms**

The parties have exchanged proposed search term lists and represent that further time to discuss the proposals may result in an agreement or the narrowing of their dispute. If this issue is unresolved by the next conference, the parties will attach their proposed search terms to the meeting agenda.

**Custodians**

The parties reached an agreement regarding their custodian lists at the May 7, 2014, conference.

5

**Date Range**

**Plaintiff**: The ESI search date range is January 1, 2004 through December 31, 2013, with the exclusion of documents generated to or from counsel after the filing of this lawsuit on August 2, 2012, and documents regarding the valuation of the policies in support of the damages claim, for which the plaintiff has an ongoing obligation to supplement pursuant to Fed. R. Civ. P. 26(e)(1)(A).

**Defendants**: Plaintiff agrees to search Fortress documents beginning in January 2008, using certain search terms identified at the conference, such as stranger-owned life insurance ("STOLI"), and certain search terms regarding life settlement issues.

Defendants will meet and confer with plaintiff to identify which search terms will be run after January 2008, and which terms will be run after January 2010.

**Redaction Protocol**

The Court adopts the defendants' proposed amendment to the February 20, 2014, Stipulated Protective Order to encourage a robust meet and confer over redacted materials. The Court will revisit this issue if this approach does not have the desired effect of encouraging a fruitful dialogue and narrowing the objections to the redacted documents at issue.

6

**Amendment to the February 20, 2014, Stipulated Protective Order**

The Court hereby amends the Stipulated Protective Order ("Protective Order") entered on February 20, 2014 (Doc. #123) to include the following provision:

Lima claims an interest in certain life insurance policies (the "Policies") issued by PHL Variable Insurance Company or Phoenix Life Insurance Company. The owner of the Policies, U.S. Bank, N.A., as securities intermediary, has authorized disclosure of personal information of insureds, former owners and former trustees of these Policies, provided such disclosure is made under the "Confidential" designation provided in this Order. As such, except as set forth herein, the Court authorizes the parties to produce responsive documents with respect to the Policies that contain medical, financial or personal identifying information regarding the insureds, former owners and former trustees, without redacting same, provided such documents are designated "Confidential" or "Confidential—Outside Counsel Only" under this Order. Nothing herein shall preclude any party from invoking any applicable privilege or other basis for redaction in a manner consistent with the terms of this Order or any other order of the Court.

**Plaintiff's Discovery**

**First Request for Production No. 3:** Defendants agree to provide this information, subject to agreement on search terms.

**First Requests for Production Nos. 4(b)-(d); 15 (b)-(c):** The parties agree to meet and confer.

**First Requests for Production Nos. 21 (a)-(c):** Defendants agreed to provide this information.

**First Request for Production No. 33(b):** Defendants agreed to provide this information.

**First Request for Production No. 34:** Defendants agreed to provide this information.

**First Request for Production No. 46(d):** Defendants agreed to provide this information.

**First Request for Production No. 48:** This request is withdrawn as drafted in light of the representation by defendants that it does not maintain the information in the form requested by plaintiff. Counsel will confer with plaintiff. Upon renewal, plaintiff will limit the request to policies of a certain value range, without prejudice to seeking further information from defendants after review of the production of policy information as maintained by defendants.

**First Request for Production No. 58:** The Court denied this request at the conference.

**First Request for Production No. 56:** Defendants' counsel will inquire whether there was a committee formed to address the secondary markets.

**First Requests for Production Nos. 60-61:** The parties agree to meet and confer.

**First Requests for Production No. 63:** The ESI search date range is January 1, 2004 through December 31, 2013, with the exclusion of documents generated to or from counsel after the filing of this lawsuit on August 2, 2012; and documents regarding the valuation of the policies which plaintiff will use in support of the damages claim. The parties have an ongoing obligation to supplement their responses and production, pursuant to Fed. R. Civ. P. 26(e)(1)(A).

**Second Requests for Production Nos. 11, 22-23:** With regard to Request No. 11-defendant will rerun the search with the new date ranges and custodial list and discuss the results with plaintiff. With regard to Requests Nos. 22-23-defendants will state in writing and under oath that they have provided all the documents responsive to these requests. Fed. R. Civ. P. 33(3).

**Defendants' Discovery**

**Interrogatories Nos. 7-12; and 19:** Plaintiff will identify the individuals referenced in the Amended Complaint whose statements are cited and/or quoted.

**Interrogatories Nos. 25 and 31:** The parties agree to meet and confer regarding these interrogatories.

**Interrogatories Nos. 1-5:** Plaintiff agreed to respond to the interrogatories at the May 7 Conference.

**Interrogatories Nos. 6, 13-18, 20, 22-24 and 26-30:** The parties agree to will meet and confer regarding these interrogatories.

**Requests for Production Nos. 1, 6-8, 19-24, 27-29, 32-34, 38,-39, 51-52, 54-57, 59-60, 63-64, 67-69, 73-74, 78, 80, 82-83, 86, 88, 90, 93-94, 96, 98, 100, 103, 106, 108, 115-22, 126, 132, 135-38, 146, 154, 180, 182-85, 193, 222, 227-28 and 230:** The parties have exchanged proposed search term lists and represent that further time to discuss the search terms may result in an agreement or the narrowing of their dispute. If this issue is unresolved by the next conference, the parties will attach their proposed search terms to the meeting agenda.

**Requests for Production Nos. 23-32 and 217-18:** Plaintiff will provide ESI search results for H.M. Ruby Fund and D.B. Zwirn. This ruling is without prejudice to defendants' renewing this request after review of the ESI production. Defendants maintain that this is a targeted search and perhaps not amenable to an ESI search. The parties are encouraged to discuss this request further.

**Request for Production No. 58:** The parties will brief this issue prior to the next case management meeting.

**Requests for Production Nos. 144-45 and 139**: The parties agree to meet and confer and report back at the next conference.

**Request for Production No. 133**:  Plaintiff will provide the requested documents.

**Requests for Production Nos. 185-93**:   Defendants agreed to review the requests, and perhaps amend the requests.

**Scheduling Order**

Discovery is set to close on May 15, 2015, and dispositive motions are due by July 15, 2015. [Doc. #126].

Responses to the discovery ordered during the May 7, 2014, conference, and in this ruling and order, are due on or before May 30, 2014. Defendants will provide the de-duplicated search information by May 30, 2014. The parties will contact the Court if any issues arise that may delay the progress of this case, before these deadlines expire.

**June 16, 2014, Conference**

The next case management/discovery conference will be held on June 16, 2014 at 10:30 AM. The parties will provide a joint agenda by the close of business June 11, 2014. The agenda may be submitted to the law clerk at: Alyssa_Esposito@ctd.uscourts.gov

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it

is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 15th day of May 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE