```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


                                    :
LIMA LS PLC                         :
                                    :
v.                                  :   CIV. NO. 3:12CV1122(WWE)
                                    :
PHL VARIABLE INSURANCE              :
COMPANY, ET AL                      :
                                    :
                                    :
```

### RULING ON PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION NOS. 60, 61 AND SECOND REQUEST FOR PRODUCTION NO. 33

Plaintiff seeks to compel documents responsive to its First Requests for Production Nos. 60 and 61 and Second Request for Production No. 33, which relate to other Phoenix lawsuits that are relevant to Lima's claims and allegations. The parties briefed the issue in letters dated July 28, September 16, and October 7, 2014.

Specifically, Lima's First Requests Nos. 60 and 61 and Second Request No. 33 seek the following.

> **First Request No. 60:** All documents produced in or concerning the litigations described in Paragraphs 70, 80, 84, 212 and 215-216 of the Amended Complaint in this action.[1]

---

[1] Paragraphs 70, 80, 84 and 216 of the Amended Complaint reference the "Fenton Action." <u>Alan H. Fenton v. PHL Variable Ins. Co.</u>, Judicial Council Coordination Proceeding No. 4612 (Cal. Super. Ct.). Paragraph 212 of the Amended Complaint states in part, "Phoenix was a party in **thirty-one** cases in which there was a dispute about whether a life insurance policy issued by Phoenix lacked an insurable interest." (Emphasis in original).

1

    **First Request No. 61:** All documents produced in or otherwise relating to the action titled <u>United States v. Binday, et al</u>, No. 12CR152 (S.D.N.Y).

    **Second Request No. 33:** All documents concerning any litigation involving alleged STOLI or IOLI policies, including but not limited to all documents concerning the <u>Fenton</u> action, defined in Paragraph 70 of the Amended Complaint.

As a "starting point," Lima offered to narrow its First Requests for Production Nos. 60 and 61 and Second Request for

---

Paragraph 215 of the Amended Complaint states in part, "As of August 2012, Defendant Phoenix was a party to approximately 86 lawsuits involving around ***$3.6 billion*** in Phoenix policies owned by investors that purchased their policies in the secondary market." Paragraph 216 of the Amended Complaint states

    Among the many lawsuits filed against Defendant Phoenix since it began to execute the fraudulent scheme are: (i) a federal RICO mail and wire fraud action filed against Phoenix by an investment fund that owns over $450 million in Phoenix policies and whose investors include the California Public Employees' Retirement System (CalPERS), (ii) the <u>Fenton</u> Action, involving approximately $300 million in investor-owned policies, alleging fraud and related claims against Phoenix, (iii) the six insurance rate lawsuits described in paragraph 137 above, and (iv) over 60 lawsuits in which Defendant Phoenix is seeking to void or rescind over $360 million in investor-owned policies while keeping the premiums.

[Doc. #84, Amend. Compl. ¶¶70, 80, 84, 137, 212, 215-16, (emphasis in original) (Paragraph 137 states in part, "To date, there are at least six lawsuits against Phoenix asserting breach of contract and related claims arising from Phoenix's insurance rate increases, including a New York class action, a RICO mail and wire fraud action filed by an investment fund whose investors include CalPERS, an action by a subsidiary of an insurance company that purchased nearly $900 million of Phoenix policies in the secondary market, and three actions filed by U.S. Bank, as securities intermediary for Lima LP (two in New York, and one in Delaware).").

Production No. 33 to ten lawsuits involving Phoenix: 1) the Fenton action; 2) the Wilmington Savings RICO/fraud lawsuit; and 3) the Binday action, as well as "other STOLI/insurable interest" litigation, 4-5) PHL Variable Ins. Co. v. ESF QIF Trust, Nos. 12-cv-317-LPS and 12-cv-319-LPS (D. Del.); 6) PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust, No. 10-cv-964-RGA (D. Del); 7) PHL Variable Ins. Co. v. The Chong Son Pak Life Ins. Trust, No. 12-cv-314-RGA (D. Del); 8) PHL Variable Ins. Co. v. The Virginia Lankow Life Ins. Trust, No. 12-cv-315-RGA (D. Del); 9) Donald E Ross Irrevocable Life Ins. Trust v. PHL Variable Ins. Co., No. 13-cv-561-RGA (D. Del); and 10) PHL Variable Ins. Co. v. Hudson Valley EPL, LLC, No. 13-cv-1562-SLR-SFR (D. Del). [Pl. 9/16/14 Let. at 6, 14-17].

Plaintiff argues that Phoenix's "other litigation" is "highly relevant" to the discovery in this case and submits that "all of the materials" sought in Lima's requests for production should be produced in this action.

After careful review of the allegations contained in plaintiff's Amended Complaint, the letter dated September 16, 2014, and the exhibits appended thereto, the Court sustains defendants' objections. While it is true that some of the allegations in Lima's complaint are the same or substantially similar to the allegations, as represented by Lima, in the other Phoenix litigations, the Court finds that these broad requests

3

are simply unwarranted.  Similar allegations and/or potential witnesses are not a basis for production of <u>all</u> documents produced in other cases where Phoenix is a party. While defendants concede that "some documents produced in other cases may also be relevant here," they also maintain that "such documents have already been produced to Lima and its securities intermediary, and much more will be produced as part of a massive ongoing production using searches that have been extensively negotiated and tailored to Lima's requests."  [Def. Let. 10/7/12 at 2]. Simply put, "relevant STOLI-related documents will be produced in this case anyway, regardless of whether previously produced in" other Phoenix litigation.  <u>Id.</u> at 4. Defendants assert, and the Court agrees, that "Lima does not explain why its own discovery requests will not capture all relevant information . . . ." <u>Id.</u> Nor has Lima identified any additional documents or testimony relevant to this action that Lima does not already have.  It is simply too early in the discovery process for Lima to credibly argue that defendants will not capture and provide relevant documents responsive to Lima's discovery requests.  On this record, Lima's predictions that defendants will not produce documents responsive to their discovery requests is speculative and premature.

The Court notes that in the <u>Wilmington</u> case, defendants produced deposition transcripts and exhibits to Lima's securities

4

intermediary. Id. at 7.  In Binday, defendants state that the "few discrete documents . . . that are relevant here have already been produced, and Lima's speculations to the contrary are mistaken." Id.; Def. Let 7/28/14 at 2.  In Fenton, defendants have already provided Lima with copies of ten transcripts of current and former Phoenix employees deposed in that case.  Def. Let. 7/28/14 at 3.  Defendants state that "Lima identifies no documents produced in the ESF QIF cases that should be produced here."  Nor, defendants argue, should it be their "burden to enumerate each document produced in another case and specify why it need not be produced here."  Def. Let 10/7/14 at 7. The Court agrees. In the Price Dawe 2006 Ins. Trust, The Chong Son Pak Life Ins Trust, The Virginia Lankow Life Ins. Trust, and Donald E. Ross Irrevocable Life Ins. Trust cases, Phoenix states it has already produced or will produce documents relevant to this case, such as claims procedures and underwriting guidelines, and has already produced the transcripts of Phoenix employees who were deposed in these cases. Finally, defendants represent that, to date, no documents have been produced in the Hudson Valley EPL, LLC, case. See Def. Let 10/7/14 at 7-9.

   This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636

(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    ENTERED at Bridgeport this 22nd day of October 2014.

```
___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```